UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. PULERA, | No. 2:08-cv-00275-MCE-DAD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| F&B, INC., MANCHESTER ENTERPRISES, INC., CHARLENA MANCHESTER, CHARLES MANCHESTER, and DOES 1-10, | |
| Defendants. | |
| F&B, INC., MANCHESTER ENTERPRISES, INC., | |
| Third Party Plaintiffs, | |
| v. | |
| TW CONSTRUCTION CO., INC., and DOES 1-25, inclusive, | |
| Third Party Defendants. | |

----oo0oo----

Plaintiff Anthony J. Pulera ("Plaintiff" or "Pulera") seeks monetary relief against Defendants F&B, Inc. ("F&B"), Manchester Enterprises, Inc. ("Manchester, Inc."), Charlena Manchester ("Charlena"), Charles Manchester ("Charles"), and DOES 1-10 (collectively "Defendants"), for failure to pay overtime and minimum wages, breach of contract, failure to provide meal periods, failure to provide accurate pay stubs, submitting false and fraudulent certified payroll records, failure to pay wages due at end of employment, violation of California Business and Professions Code §§ 17200 and 17203, and civil penalties pursuant to California Labor Code Private Attorneys General Act (California Labor Code § 2698, et seq.[1]).

Defendants seek contractual and equitable indemnity as Third Party Plaintiffs against TW Construction Co., Inc. and DOES 1-25, (hereinafter collectively referred to as "TW") for allegedly misleading Defendants into believing the development project ("Project") for which Defendants hired Pulera was not subject to the payment of prevailing wages.  TW now moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1)[2] for lack of subject-matter jurisdiction, on grounds that under Plaintiff's theory of diversity jurisdiction, Plaintiff's claim fails to exceed the amount in controversy requirement of $75,000.00.  See 28 U.S.C. § 1332.  Defendants join in this motion.

---

[1] Unless otherwise stated, all further references to a Labor Code are to the California Labor Code.

[2] Unless otherwise stated, all further references to a Rule are to the Federal Rules of Civil Procedure.

2

For the reasons stated below, the Motion to Dismiss is GRANTED with leave to amend.[3]

## BACKGROUND[4]

Plaintiff was hired by Defendants to work on the Project, which comprises a convention center, hotels, condominiums, and retail uses, on the California side of South Lake Tahoe. Plaintiff's job duties included soft and hard demolition, and the moving of materials. (Amended Joint Status Report 2:16-17.) The Project was allegedly funded in whole or in part by public funds from the City of South Lake Tahoe and South Tahoe Redevelopment Agency. Plaintiff asserts that this use of public funds made the Project subject to the payment of prevailing wages required by California's Department of Industrial Relations.

On January 22, 2008, Plaintiff filed his Complaint for Damages and Demand for Jury Trial in this Court under diversity jurisdiction. Plaintiff alleges seven causes of action in his Complaint: (1) Failure to Pay Overtime and Minimum Wages; (2) Breach of Contract; (3) Failure to Provide Rest and Meal Periods; (4) Failure to Provide Accurate Pay Stubs and Records and Submitting False and Fraudulent Certified Payroll Records; (5) Failure to Pay Wages Due at End of Employment and Waiting Time Penalties;

---

[3] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

[4] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

3

(6) Violation of California Business and Professions Code §§ 17200 and 17203; and (7) Civil Penalties pursuant to Labor Code Private Attorneys General Act ("PAGA") (Labor Code § 2698, et seq.).

TW filed this Motion to Dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction on the grounds that Plaintiff's claim fails to exceed the amount in controversy threshold of $75,000.00.  28 U.S.C. § 1332.  TW alleges that because some of Plaintiff's claims are subject to a 75% apportionment to the California Labor & Workforce Development Agency ("LWDA") under PAGA, Plaintiff's possible recovery, less the apportionment to LWDA, does not meet the statutory threshold requirement, and therefore his Complaint must be dismissed.  Defendants join in this motion.

**STANDARD**

Where the parties in an action are citizens of different states, a district court "shall have original jurisdiction ... where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a). This amount includes claims for general and special damages (excluding costs and interests), attorneys fees if recoverable by statute or contract, and punitive damages, if recoverable as a matter of law.  Conrad Assocs. v. Hartford Accident & Indem. Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

///
///

4

The amount is "determined at the time the action commences, and a federal court is not divested of jurisdiction ... if the amount in controversy subsequently drops below the minimum jurisdictional level." Hill v. Blind Industries and Services of Maryland, 179 F.3d 754, 757 (9th Cir. 1999).

The Supreme Court has stated that in diversity cases where the amount in controversy is in doubt, "[i]t must appear to a legal certainty that the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). Federal courts are courts of limited jurisdiction, and thus when faced with a motion to dismiss, the party seeking the federal court jurisdiction bears the burden of proving that jurisdiction is proper. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189, 56 S. Ct. 780, 785 (1936).

## ANALYSIS

TW claims that Plaintiff's Complaint appears to a legal certainty to fall below the amount in controversy requirement under 28 U.S.C. § 1332, and thus Plaintiff's claims must be dismissed. St. Paul Mercury, 303 U.S. at 289. The Ninth Circuit stated that such "legal certainty" exists "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." Pachinger v. MGM Grand Hotel-Las Vegas, Inc., 802 F.2d 362, 364 (9th Cir. 1986).
///

5

1    TW asserts that under PAGA, California law limits the
2 damages available to Plaintiff, so that it is impossible for him
3 to reach the jurisdictional threshold.  See Labor Code § 2699(i)
4 (requiring 75% of civil penalties recovered under PAGA to be
5 remitted to LWDA).  TW has provided calculations based on
6 Plaintiff's claims, concluding that after PAGA remittance,
7 Plaintiff's total possible recovery is only $54,988.13, which is
8 far below this Court's jurisdictional requirement.[5]  TW also
9 argues that the filing of a similar action in California State
10 Court ("State Action"), by four of Plaintiff's former co-workers
11 and by Plaintiff's counsel, evidences that Plaintiff's claims
12 were alleged to obtain federal jurisdiction.
13    Plaintiff offers multiple arguments to counter TW's
14 assertions.  First, Plaintiff distinguishes the instant case from
15 the State Action, noting that the State Action does not include
16 PAGA claims, and given this dissimilarity it is improper to give
17 evidentiary weight to the parties' different jurisdictional
18 approaches.  Plaintiff asserts that his claims under PAGA may
19 impose serious California law-based civil penalties on Nevadan
20 Defendants, and thus federal jurisdiction is preferred to prevent
21 potential prejudice against Defendants by a California court.
22 While this assertion may evidence Plaintiff's magnanimous
23 attitude toward Defendants, it is less than persuasive.

---

[5] TW calculates Plaintiff's claims as follows: Count 1, $2,800 in overtime (non-PAGA); Count 2, $1,540 for non-payment of prevailing wage (non-PAGA); Count 3, $3,937.50 for failure to provide meal periods ($15,750 with 75% to LWDA); Count 4, $14,000 for wage stub violations ($56,000 with 75% to LWDA); Count 5, $4,500 ($18,000 with 75% to LWDA); Count 6, inapplicable to damage calculation; and Count 7, $27,125 in additional penalties ($108,000 with 75% to LWDA) and $4,340.50 (non-PAGA).

1 However, Plaintiff is correct that his choice of jurisdiction in
2 this case, compared to the State Action, is not, on its own, an
3 obvious abuse of federal jurisdiction, and thus TW's State Action
4 assertion fails.  See 14 Charles Alan Wright, Arthur R. Miller &
5 Edward H. Cooper, Federal Practice & Procedure, § 3702 at 102 (2d
6 ed. 1996) (noting that to show that the damage amount was claimed
7 merely to obtain federal court jurisdiction, the flagrant abuse
8 of federal court jurisdiction must be obvious).

9 Second, Plaintiff asserts that under the audit provided to
10 this Court in the Margain Declaration, Defendants may have to pay
11 over $90,000 as a result of Plaintiff's claims.  (Pl's Opp. to
12 the Mot. to Dis. 5:1-7.)  Following Plaintiff's remittance under
13 PAGA to LWDA, Plaintiff's measurement of his possible recovery is
14 $48,707.67.[6]  Plaintiff argues that the amount in controversy in
15 this matter should be measured by the amount Defendants may have
16 to pay to all parties, and not what Plaintiff may personally
17 recover, and thus the estimate of $90,000 well exceeds the
18 jurisdictional requirement.  To support this assertion, Plaintiff
19 cites numerous cases, including those rendered by the United
20 States Supreme Court and the Ninth Circuit.
21 ///

---

[6] The Court notes that where Plaintiff's and TW's PAGA allocations differ, based on their respective understandings of PAGA's application to violations of the Labor Code, the Court will use Plaintiff's allocations for the purpose of this Motion without deciding this issue on the merits.  The Court further notes that Plaintiff's calculations include interest, which is statutorily excluded from the amount in controversy calculation except under certain limited circumstances.  See, e.g., 14 Wright, et al., supra § 3712.  Plaintiff has failed to show the presence of one of these exceptions, and thus Plaintiff's possible recovery of $50,673.64 is reduced by his claimed interest.

7

1  See Hunt v. Washington State Apple Advertising Comm'n, 432 U.S.
2  333, 347 (1977); In re Ford Motor Co./Citibank (South Dakota),
3  N.A., 264 F.3d 952, 958 (9th Cir. 2001) Sanchez v. Monumental
4  Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996); Ridder Bros.
5  Inc., v. Blethen, 142 F.2d 395, 399 (9th Cir. 1944); Simmons v.
6  PVR Tech., 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002).
7  Specifically, under In re Ford and Ridder Bros., Plaintiff
8  asserts that this Court should apply the "either viewpoint rule,"
9  which states that "the test for determining the amount in
10 controversy is the pecuniary result to either party which the
11 judgment would directly produce."  In re Ford, 264 F.3d at 958;
12 See also Ridder Bros., 142 F.2d at 399.

13     However, the instant case is distinguishable from these
14 precedents.  The cases cited by Plaintiff, including In re Ford
15 and Ridder Bros., all dealt with the measurement of injunctive
16 relief in relation to an amount in controversy challenge.
17 Plaintiff seeks monetary relief, coupled with a claim for
18 restitution of Defendant's violations of the prevailing wage,
19 overtime, and meal periods requirements under the California
20 Business and Professions Code.  These amounts are readily
21 calculable for jurisdictional purposes, as shown by Plaintiff's
22 own measurements, unlike the injunctive relief sought in Ridder
23 Bros. and In re Ford.  Ridder Bros., 142 F.2d at 396 (seeking
24 specific performance of a contract); In re Ford, 264 F.3d at 958
25 (seeking specific performance of a rebate program).
26 ///
27 ///
28 ///

While this Court's binding authorities have not specifically ruled out the application of the either viewpoint rule in a case such as this, which seeks neither specific performance nor injunction, other jurisdictions have done just that.  See Smith v. Pfizer, Inc., WL 3618319, at *2-3 (S.D. Ill. 2005) (discussing Uhl v. Thoroughbred Tech. and Telecomms., Inc., 309 F.3d 978, 983-84 (7th Cir. 2002)) (indicating that the either viewpoint rule should only be used where the plaintiff seeks injunctive relief).  In this case, due to the ease of measurement of Plaintiff's prayed for relief, this Court declines to apply the either viewpoint rule as suggested by Plaintiff.

Third, Plaintiff claims that LWDA's possible recovery under PAGA should not be separated from Plaintiff's recovery, as Plaintiff and LWDA are not separate litigants.  In the PAGA portions of this action, Plaintiff claims that he "simply steps into the shoes of the State of California to prosecute the penalty claims."  (Pl's Mem. of Pts. & Auths. in Opp. to Mot. to Dis. 7:13-14.)  Historically, aggregated claims of multiple claimants cannot form the basis of the amount in controversy. Troy Bank of Troy, Ind., v. G.A. Whitehead & Co., 222 U.S. 39, 40, 32 S. Ct. 9, 9 (1911) ("[w]hen two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be of the requisite jurisdictional amount....").

///
///
///
///

1  Plaintiff correctly notes that the Supreme Court in <u>Troy Bank</u>
2  further stated that "when several plaintiffs unite to enforce a
3  single title or right, in which they have a <u>common and undivided</u>
4  <u>interest</u>, it is enough if their interests collectively equal the
5  jurisdictional amount." <u>Id</u>. at 41 (emphasis added).  This common
6  and undivided interest arises when "neither [party] can enforce
7  [the claim] in the absence of the other." <u>Id</u>.  Plaintiff argues
8  that the instant case is not based on aggregated claims, stating
9  that Plaintiff and the State of California, via the LWDA, have a
10 common and undivided interest in the outcome of Plaintiff's PAGA
11 claims, and that neither can enforce the claims without the
12 other.
13     Under PAGA, aggrieved employees may, if approved by the
14 LWDA, adjudicate their own claims in lieu of direct enforcement
15 by the LWDA.  <u>Dunlap v. Superior Court</u>, 142 Cal. App.4 th 330,
16 337 (Cal. Ct. App. 2006).  However, the LWDA can choose to
17 enforce those claims itself, regardless of the employee's
18 involvement.  Therefore, instead of "neither party" being able to
19 enforce the claim without the other, "either party" may enforce
20 the claim at the option of the LWDA.  The amounts recoverable by
21 Plaintiff based on his PAGA claims are separate and distinct from
22 the amounts recoverable by the State of California via the LWDA,
23 and therefore these amounts may not be aggregated.
24 ///
25 ///
26 ///
27 ///
28 ///

10

TW asserts a further reduction of Plaintiff's claim amount based on this issue, stating that Plaintiff's possible recovery under PAGA is a "fee" or an "incentive" paid to employees by the LWDA in order to motivate them to enforce employment rights without burdening the understaffed and underfunded LWDA, and as such is not part of Plaintiff's recovery. (Third Pty. Def's Rep. to Pl's Opp. to Mot. to Dis. 6-7.) However, the plain language of the statute itself belies this claim. See Labor Code § 2699(g)(1) ("an aggrieved employee may <u>recover the civil penalty</u> ... in a civil action....") (emphasis added). Further, courts in this Circuit have included plaintiff claims under PAGA in calculations of the amount in controversy requirement. See, e.g., <u>Moore v. Genesco, Inc.</u>, 2006 WL 2691390, at *2 (N.D. Cal. 2006). Thus, TW's attempt at further reducing the amount in controversy by Plaintiff's possible recovery under PAGA fails.

Finally, Plaintiff argues that even without the interests of the State of California under PAGA, the inclusion of reasonable attorney fees, as allowed by California law, would also reach the requisite jurisdictional amount. <u>Galt G/S v. JSS Scandinavia</u>, 142 F.3d 1150, 1156 (9th Cir. 1998) (holding that statutorily imposed attorney's fees may be included in the amount in controversy whether mandatory or discretionary in nature); <u>Conrad Assocs.</u>, 994 F. Supp. at 1198 (stating amount includes attorneys fees if recoverable by statute or contract). While the amount in controversy is determined at the time an action commences, where attorney's fees are recoverable by statute, this determination includes a reasonable estimate of the attorney's fees likely to be incurred.

11

Brady v. Mercedes-Benz, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). The Brady court noted that other jurisdictions have disagreed with the inclusion of future attorney's fees, but found their arguments to be unpersuasive. Id. (noting that the Seventh Circuit's holding in Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998), which stated that the inclusion of prospective attorney's fees in the amount in controversy is improper because the defendant may capitulate to the plaintiff's demands, thus eliminating prospective attorney's fees, "does not comport with the reality of litigation"). While the Ninth Circuit has not yet ruled on this issue, the preponderance of courts in this Circuit have agreed with the Brady approach. See, e.g., Tompkins v. Basic Research LL, 2008 WL 1808316, at *4 (E.D. Cal. 2008); Celestino v. Renal Advantage Inc., 2007 WL 1223699, at *4 (N.D. Cal. 2007); Johnson v. America Online, Inc., 280 F.Supp.2d 1018, 1025 (N.D. Cal. 2003).

Here, Labor Code §§ 1194(a) and 2699(g)(1) both provide for Plaintiff's recovery of attorney's fees, and Plaintiff prayed for attorney's fees in his Complaint. See Cal. Lab. Code §§ 1194(a) and 2699(g)(1) (both noting that any employee in an action under those Labor Code sections shall be entitled to an award of reasonable attorney's fees and costs). Plaintiff's counsel has declared that the attorney's fees to date are well over the amount needed to reach the jurisdictional limit. These fees include the work of three attorneys, including 52.5 hours at $350.00, 17.5 hours at $200.00, and 25 hours at $345.00, which alone equal more than $30,000.00. (Margain Decl. 2:11-15.)
///

1  Plaintiff claims that anticipated fees and costs in this action
2  will be over $50,000.00 following depositions and trial, but
3  claim only $25,000.00 in attorney's fees.  (Pl's Opp. to the Mot.
4  to Dis. 10:9-11.)  Plaintiff's counsel supports his attorney's
5  fees calculation by noting that "since 1999, [he has] exclusively
6  litigated wage and hour disputes." (Margain Decl. 2:19.)
7  However, as held by the Ninth Circuit in <u>Gaus v. Miles</u>, a
8  speculative argument regarding the anticipated value of the award
9  is insufficient to support diversity jurisdiction.  980 F.2d 564,
10 567 (9th Cir. 1992).  Without this support for Plaintiff's
11 reasonably anticipated fees, the amount in controversy claimed by
12 Plaintiff falls short of the jurisdictional minimum.
13      Because Plaintiff failed to properly plead sufficient facts
14 to meet or exceed the amount in controversy requirement for
15 diversity jurisdiction under 28 U.S.C. § 1332, diversity
16 jurisdiction is not properly laid with this Court.  Accordingly
17 the Motion to Dismiss Plaintiff's Complaint for lack of
18 jurisdiction is GRANTED.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED. Plaintiff's Complaint is dismissed without prejudice.

Plaintiff will be granted twenty (20) days from the date this order is filed to file an amended complaint which will meet the jurisdictional requirements of this court.

IT IS SO ORDERED.

Dated: August 18, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE